762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BRITTON ENTERPRISES OF STUART FLORIDA, INC., PLAINTIFF-APPELLANT,
v.
UNITED STATES ARMY, ET AL., DEFENDANTS-APPELLEES.
 NO. 83-5759
 United States Court of Appeals, Sixth Circuit.
 3/22/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: CONTIE, Circuit Judge; and PHILLIPS and CELEBREZZE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Britton Enterprises of Stuart Florida, Inc., appeals the district court's dismissal of its complaint under the Federal Tort Claims Act. The district court held that Britton failed to present its administrative claim within two years of the accrual of the cause of action.
 
 
 2
 Britton operates carnivals and fairs. It contracted with the United States Army to operate the Fort Knox Community Fair on June 27 through July 6, 1980. On July 1, 1980 federal agents raided several games of skill operated by Britton's subcontractors. Arrests were made and property was seized. On July 10, the subcontractors appeared at a preliminary hearing. Counsel for Britton was in attendance. On August 29, 1980, charges were dropped against all subcontractors except for one, who pleaded guilty.
 
 
 3
 On or shortly after August 16, 1982, Britton filed his administrative claim.[1] Although Britton's complaint in the court below did not disclose a jurisdictional basis, the defendants response to the complaint characterized it as arising under the Federal Tort Claims Act. Britton generally accepted this characterization and made only a vague reference to 'the numerous other averments contained in the complaint,' without identifying any other jurisdictional basis. uSee App. at 49. The defendants argued that Britton's Federal Tort Claims Act cause of action accrued at the latest on July 10, 1980, when counsel for Britton attended the preliminary hearing and learned the identities of the federal agents who conducted the raid. Britton argued that the cause of action did not accrue until August 29, 1980 when the charges were dismissed against all but one of the subcontractors. The district court agreed with the defendants and dismissed the complaint. The same arguments made to the district court are now presented on appeal.
 
 
 4
 Presentation of the claim to the appropriate federal agency is a prerequisite to suit under the Federal Tort Claims Act. See 28 U.S.C. Sec. 2675. The Act provides a two-year statute of limitations for filing this administrative claim:
 
 
 5
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 6
 28 U.S.C. Sec. 2401(b).
 
 
 7
 The leading case on accrual under the Federal Tort Claims Act is United States v. Kubrick, 444 U.S. 111 (1979). The plaintiff in Kubrick was negligently treated by Veteran's Administration physician. Soon after the negligent procedure, the plaintiff noticed a loss of hearing. Another doctor then told the plaintiff that the treatment he had received quite possibly caused the loss of hearing. See id. at 114. Well over two years after the advice from the second doctor, the plaintiff filed his Federal Tort Claims Act administrative claim. He was prompted to file by the advice from a third physician that his treatment had probably been negligent.
 
 
 8
 On these facts, the Court stated that after the advice from the second doctor the plaintiff had actual knowledge of his injury and its likely cause. See id. at 118. The court below had held that despite this knowledge, the plaintiff's claim did not accrue until he had reason to believe that the cause of his injury was negligent, that is, legally actionable. See id. Although the general rule is that 'a tort claim accrues at the time of the plaintiff's injury,' the Court noted that the rule is sometimes relaxed in medical malpractice cases to allow accrual not upon knowledge of injury, but upon knowledge of the cause of the injury. See id. at 120. Even under this, more liberal rule, however, the plaintiff's claim would be barred. The administrative claim could be considered timely only if accrual is deferred until a plaintiff learns from another source that the cause of his injury is legally actionable. See id. at 120-21. The Court rejected this further postponment of accrual. A plaintiff who knows 'that he has been hurt and who has inflicted the injury' may seek medical or legal advice on whether the cause of injury is actionable. See id. at 122.
 
 
 9
 We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.
 
 
 10
 See id. at 123 (emphasis added). The essential teaching of Kubrick is that a Federal Tort Claims Act plaintiff is under a duty of diligent inquiry. He may not wait until he obtains information from an outside source that he has a legal claim. Rather he must 'protect himself by seeking advice in the . . . legal community.' See 444 U.S. at 123.
 
 
 11
 Applying Kubrick's rationale to the present case leads to the conclusion that Britton's claim is time-barred. Britton had knowledge of his injury on July 1, 1980 and of the actors responsible for the injury no later than July 10, 1980. He was then under a duty of inquiry to ascertain whether his legal rights had been invaded. Britton, no less than the plaintiff in Kubrick, was under a positive duty of inquiry to ascertain with diligence the legality of the defendants' actions.
 
 
 12
 This conclusion is also supported by the fact that nothing of significance occurred on August 29, 1980. Although Britton asserts that he learned on this date that the defendants' actions were unlawful and that there was no basis to the criminal charges brought against the subcontractors, the order of dismissal contains nothing to support this claim. Criminal cases may be dismissed for many reasons and the mere fact of dismissal does not mean that the government's actions were unlawful or that there was no legal basis for charges initially brought. In short, Britton learned nothing by virtue of the August 29, 1980 dismissal that he could not have already known by the exercise of due diligence.[2]
 
 
 13
 Britton's complaint also contains claims which sound in contract. Since Britton sought over $10,000 in damages, exclusive jurisdiction for the contract claims lies with the Court of Claims. See 28 U.S.C. Secs. 1346(a)(2), 1491. In its brief to this court, Britton argued that the district court should have ordered the case transferred to the Court of Claims rather than dismissed it. A request for transfer was never made, however, to the district court and we are therefore not inclined to grant this relief. Denying transfer results in no prejudice to Britton because the six-year statute of limitations for contract actions has not yet run. See 28 U.S.C. Sec. 2401(a). Whether the Contract Disputes Act, 41 U.S.C. Sec. 601 et seq., applies and whether Britton has complied with its requirements are questions that Britton would have to address in the Court of Claims whether or not transfer is allowed.
 
 
 14
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Pursuant to a stipulation, on March 15, 1984 this court granted an order to amend the record to reflect an administrative filing date of August 16, 1982. The briefs of the parties proceeded on the assumption that filing was accomplished on August 26, 1982. Given our holding that the district court correctly determined that Britton's cause of action accrued no later than July 10, 1980, it is immaterial whether Britton filed on August 16, 1982 or some other later date
 
 
 [2]
 To the extent that Ware v. United States, 626 F.2d 1278 (5th Cir. 1980), indicates a contrary result, we conclude that Ware is inconsistent with Kubrick and we decline to follow that case. Ware would appear to allow a plaintiff to languish in his ignorance, contrary to the teaching of Kubrick